The judgment of the court was pronounced by
Eustis, C. J.
This is an action for the recovery of two slaves. There was judgment in the district court for the defendant; and the plaintiff has appealed.
On the trial of the cause the plaintiff offered in evidence the depositions of a witness, Catherine Tressel, in support of his title to the slaves; to the admission of which the counsel for the defendant objected, “on the ground that the witness was the transferror of the claim sued on, and incompetent to testify as to the validity of said claim,” and that the release offered did not cure the objection as it might hereafter appear that there had been fraud on the part of said transferror or vendor. The objection was sustained, and the plaintiff took his bill of exceptions, on which the question arising has been argued before us.
The general rule, that those who are interested in the result of a suit are not competent to testify in it; and that a vendor is, on this principle, an incompetent witness for his vendee in an action concerning the title, must be conceded. At the same time it is equally well settled that the competency of a witness disqualified by reason of his interest may always be restored by a proper release. If the disqualifying interest be a liability to the party offering the witness, it may be released by such party. Wherever the release can cover the interest, it is sufficient to remove it and render the witness competent. Greenleaf on Evidence, § 386, 397, 426, 428.
The release is full and complete, and was given for the purpose of making the deponent a competent witness in the cause. The objection which the defendant’s counsel has made, that the admission of the testimony of vendors in support of the vendee’s title under a release, opens a door for fraud, is not without weight. But as the credibility of the witness is a matter left to be determined, and the exclusion of such testimony rests exclusively on the interest of the witness in the result of the suit, the probability is, that the rule as'established has been adopted under a correct and sound view of its policy.
The objection founded on the article 2526 of the code which the counsel has taken, we think has no relevency to the point raised. The objection that the release given by the plaintiff would not be binding in the event of fraud in the sale made by the witness, is equally applicable to all releases of this class, and therefore invalid.
We think, therefore, the district judge erred in not receiving the depositions of the witness, Catherine Tressel.
In relation to the other bill of exceptions taken by the counsel for the plaintiff, we only deem it material to state that, under the article 214 of the code, evidence of the acknowledgement of the mother is admissible to establish the filiation of the child and that the declarations of the mother in relation to the maternity of the child at a time not suspicious, are admissible in evidence to px-ove that fact.
The judgment of the distx-ict court is therefoi’e reversed, and the case remanded for further proceedings in accoi'dance with the opinion herein expressed; the defendant paying the costs of this appeal.